United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT BARRY ROBERTS, | ) | No. C 09-2355 MMC (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| HONORABLE JUSTICE TIMOTHY P. CISSNA, et al., | ) | |
| Defendants. | ) | |

On May 28, 2009, plaintiff, a California prisoner incarcerated at the Humboldt County Correctional Facility ("HCCF") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

Plaintiff claims the violation of his federal constitutional rights by HCCF's "Bed and Dress Rule," which requires inmates to be completely dressed and have their beds made from 7:00 a.m. until 9:30 p.m. In particular, inmates are not allowed to sleep under the covers during the noted hours. Plaintiff claims said rule amounts to cruel and unusual punishment because it limits his ability to sleep and to warm himself.

Additionally, plaintiff complains of unequal treatment because inmates who are not participating in the Work Incentive Program are not provided with coffee for breakfast and there is no coffee available for purchase from the commissary.

Plaintiff seeks injunctive relief.

C.  Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion under § 1997(e)(a) is mandatory and not left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002). An action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if he fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. See Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). The court may dismiss a complaint for failure to exhaust where the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120.

According to the HCCF Inmate Orientation Handbook that plaintiff has attached as an exhibit to his complaint, the HCCF provides its inmates the right to administratively grieve "any complaints" that cannot be resolved informally by the inmate's housing officer. (Compl. Ex. 1 at 9 "Inmate Grievances".) The inmate may initiate the grievance process by requesting a grievance form and filing the completed form with the housing officer. (Id.) There are three levels of administrative review, each with its own time limit within which the grievance must be answered. (Id. at 10.) The following limitations apply to the filing of grievances:

> Grievances that are filed by inmates for non-productive purposes, excessive grievances filed on the same issue, grievances that use profanity and/or insulting language, or grievances filed with the intent to undermine or interfere with the grievance process, that over burden staff with repetitive frivolous complaints will be rejected and may result in disciplinary action.

(Id.)

Plaintiff has attached to his complaint exhibits that show he first pursued the claims at issue in the instant action by filing a state habeas petition in the Superior Court of Humboldt County. The HCCF was ordered to file an informal response to the petition; in so doing, the HCCF argued, inter alia, that the petition should be dismissed because plaintiff had failed to administratively exhaust his claims. Plaintiff replied to the informal response; with respect to the nonexhaustion defense he argued that such assertion was meritless because the Superior Court would not have required the HCCF to respond to the petition if the claims were not exhausted. By order filed May 4, 2009, the Superior Court denied the petition on several grounds, including plaintiff's failure to exhaust administrative remedies. (Compl. Exs. Petition, Informal Response, Response to Informal Response, Order Denying Petition.)

In the complaint filed herein, plaintiff concedes that he has not exhausted his

3

administrative remedies. (Compl. at 1-1.C.) He states that he failed to do so because "[r]ules can not [sic] be contested through the grievance procedure provided by the facility." (Id. at 2-F.) Plaintiff's assertion, however, is directly contradicted by the evidence attached to the complaint. Specifically, that evidence shows: HCCF appeals procedures do not prohibit an inmate from filing a grievance regarding HCCF rules; the HCCF argued in its informal response to plaintiff's state habeas petition that plaintiff could and should exhaust his administrative remedies with respect to his challenge to the HCCF rules at issue; the Superior Court denied the petition in part because plaintiff had failed to comply with the administrative exhaustion requirement. Based on such evidence, the Court finds no exception to the exhaustion requirement applies to plaintiff's claims.

Section 42 U.S.C. § 1997e(a) requires a prisoner-plaintiff to present his claim to each available level of administrative review before raising the claim in a § 1983 complaint in federal court. As it is clear from the complaint that plaintiff has not pursued any of the levels of administrative review available to him, and there is no applicable exception to the exhaustion requirement, dismissal of the complaint without prejudice is appropriate.

Accordingly, the above-titled action is hereby DISMISSED, without prejudice to plaintiff's refiling his claim after all available administrative remedies have been exhausted.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: August 28, 2009

MAXINE M. CHESNEY
United States District Judge

4